IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRANCE LEWIS,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CAPITAL ONE BANK** | : | |
| *Defendant.* | : | **NO. 21-5524** |

**MEMORANDUM**

**KENNEY, J.**                                                                                           **October 31, 2022**

I.   **INTRODUCTION**

*Pro se* Plaintiff Terrance Lewis ("Plaintiff") asserts one claim against Defendant Capital One Bank ("Defendant"), alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), when it reported inaccurate history and balance information on a debt owed to it by Plaintiff, and for failing to disclose to consumer reporting agencies that Plaintiff's debt was disputed. ECF No. 1 at 2. Before the Court is Defendant's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) to which the Plaintiff has not responded. ECF No. 14.  For the reasons set forth below, the Court will **GRANT** the Defendant's Motion and the case will be **DISMISSED**. An appropriate order will follow.

II.   **BACKGROUND**

On an unidentified date in 2018, Plaintiff used a website called "myFICO.com" to check her credit report. ECF No. 1 ¶ 6. The report, furnished by myFICO.com, alerted Plaintiff to an outstanding debt in the amount of $1,800 which Defendant reported on an unspecified tradeline.

1

*Id.* However, the tradeline did not accurately report the debt's balance, the date it was incurred, or its payment history. *Id.* Based on these inaccuracies, Plaintiff disputed the debt directly with Defendant via phone call on an unspecified date in 2018. *Id.* During the phone call, Defendant confirmed that the outstanding balance of $1,800, the date the credit was extended, and the debt's payment history were all inaccurate. *Id.* Despite Defendant's 2018 confirmation that the relevant tradeline contained inaccuracies, Plaintiff noticed a material diminution of her credit score when she re-checked her credit report in 2021. *Id.* ¶ 8. Plaintiff infers that the diminution was caused by Defendant's failure to flag the outstanding $1,800 debt as disputed. *Id.*

Defendant's failure to disclose to consumer reporting agencies that the debt was in dispute caused Plaintiff's FICO scores to be lowered, which resulted in either credit being denied or extended with a "much higher" interest rate. *Id.* at ¶¶ 8, 11. Accordingly, Plaintiff suffered damage to her personal and credit reputation, which "caused severe humiliation, emotional distress and mental anguish." *Id.*

### III.  PROCEDURAL HISTORY

On December 21, 2021, Plaintiff filed a one-count Complaint against Defendant asserting that Defendant's failure to report to consumer reporting agencies that the $1,800 debt was disputed constituted an unfair collection practice violative of the FDCPA. ECF No. 1. Several missed deadlines and procedural deficiencies followed, significantly extending the duration of this matter.

First, the Complaint was procedurally defective because it did not provide an original signature as required by Federal Rule of Civil Procedure 11, nor did Plaintiff pay the required filing fees. *See* ECF Nos. 1, 3. In response to these deficiencies, on January 5, 2022, the Court

issued an Order requiring that Plaintiff either pay the outstanding fees or file a motion to proceed *in forma pauperis* within thirty days. ECF No. 3 ¶ 1. The Order further required Plaintiff to complete and return a declaration form with an original signature within thirty days or else the case might "be dismissed without further notice for failure to prosecute." ECF No. 3 ¶ 5. The thirty-day period expired on February 4, 2022, without the required filings or payment from the Plaintiff.

On February 28, 2022, twenty-four days after the Court's February 4 deadline, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. ECF No. 4. However, Plaintiff failed to return the Declaration form with the required original signature. ECF Nos. 3, 4. Instead of dismissing the case for failure to prosecute, which, at this point, was firmly within the Court's discretion, the Court issued another Order on March 7, 2022, again requiring that Plaintiff complete and return the declaration with an original signature. ECF No. 6 ¶ 1. The Court permitted Plaintiff fourteen days, or until March 21, 2022, to comply. *Id.*

On March 31, 2022, ten days after the Court's March 21 deadline, the Plaintiff filed the required Declaration form with an original signature. ECF No. 7. After Plaintiff cured the Complaint, the Court issued an Order on April 1, 2022, denying Plaintiff's Motion to proceed *in forma pauperis* and requiring that Plaintiff remit the filing fees by May 1, 2022. ECF No. 8.

On June 7, 2022, still without payment from Plaintiff, the Court dismissed the case without prejudice for failure to prosecute. ECF No. 9. Fourteen days later, on June 28, 2022, Plaintiff remitted the filing fees to the Clerk of Court. ECF No. 10. The Court subsequently vacated the June 7, 2022, Order. ECF Nos. 9, 12. Defendant was served with Plaintiff's cured Complaint on August 15, 2022. ECF No. 13.

On August 25, 2022, Defendant filed a timely Motion to Dismiss for failure to state a claim, which is the matter currently before the Court. ECF No. 14. Defendant asserts that its conduct could not violate the FDCPA because it is not a "debt collector," as defined by the Act. ECF No. 14 at 3. Defendant continues in the alternative that, even if it were encompassed by the Act's definition of "debt collector," Plaintiff's claim is still legally deficient because the FDCPA requires that Plaintiff allege a practice by Defendant involving an attempt to collect a debt. *Id.* at 4. Defendant goes on to point out that Plaintiff makes no explicit allegation that the failure to notify consumer reporting agencies that the debt was in dispute constituted an attempt to collect the $1,800 debt. *Id.* Rather, Plaintiff seems to expect the Court and the Defendant to make that inferential leap as a matter of course. *Id.*

Plaintiff had until September 8, 2022, to respond to Defendant's Motion. Pa. R. C. P. 7.1(c) (permitting fourteen days to respond to motions). Plaintiff did not file a response, either timely or untimely. Alternatively, Plaintiff could have filed an amended complaint by September 15, 2022. Fed. R. Civ. P. 15(a)(1)(B) (permitting twenty-one days to amend the complaint following a motion to dismiss). Plaintiff did not use this option, either. Accordingly, the Court will treat Defendant's Motion to Dismiss as uncontested and ripe for consideration. *See* Pa. R. C. P. 7.1(c).

**IV.   STANDARD OF REVIEW**

To survive a motion to dismiss, the complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when the plaintiff pleads factual contention that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts are required to "accept all factual

4

allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The *pro se* litigant's complaint is "to be liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).; *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). However, *pro se* plaintiffs still must meet a minimum standard by "alleg[ing] sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Here, *pro se* Plaintiff has not responded to Defendant's Motion to Dismiss. When a defendant's Rule 12(b)(6) motion is uncontested, the Court may grant the unopposed motion *after* analyzing it on the merits. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012) ("[M]otions to dismiss should not be granted without an analysis of the merits of the underlying complaint, *notwithstanding local rules* regarding the granting of unopposed motions.") (emphasis added).

V.  **DISCUSSION**

The FDCPA was enacted after Congress was presented with "'abundant evidence [about] the use of abusive, deceptive, and unfair debt collection practices by many *debt collectors*.'" *Brown v. Card Service Center*, 464 F.3d 450, 453–54 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(a)) (emphasis added). To put an end to these coercive collection practices, Congress enacted the FDCPA with the explicit purpose of "eliminat[ing] abusive debt collection practices

by debt collectors." 15 U.S.C. § 1692(e); *see also Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 888 (3d Cir. 2016). The FDCPA is a remedial statute, and its language is therefore construed broadly. *See Brown*, 464 F.3d at 453. However, a plaintiff must still establish the elements of an FDCPA claim to prevent dismissal. *See Frazier v. Morristown Memorial Hospital*, 767 F. App'x 371, 374 (3d Cir. 2019).

To state a claim under the FDCPA, a plaintiff must allege that (1) she is a "consumer"; (2) the defendant is a "debt collector" as defined by the Act; (3) the defendant's challenged practice involves an attempt to collect a debt as the FDCPA defines it; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay a debt." 15 U.S.C. § 1692a (3). Here, because Plaintiff is allegedly obligated to pay a debt, Plaintiff clearly falls into the FDCPA's definition of consumer.

However, Plaintiff's claim fails on the second prong because the FDCPA's proscriptions apply only to "debt collectors" and not to "creditors." *Schaffhauser v. Citibank (S.D.) N.A.*, 340 Fed. App'x 128, 130 (3d Cir. 2009) (quoting *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000)); *see also FTC v. Check Inv'rs, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007) (abrogated on other grounds) (explaining that Congress tailored the FDCPA's proscriptions to be aimed at third-party collectors as opposed to traditional creditors "'who generally are restrained by the desire to protect their good will when collecting past due accounts'"). According to the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

6

owed or due another." 15 U.S.C. § 1692a(6). Conversely, a "creditor" is one "who offers or extends credit creating a debt." *Id.* at § 1692a(4).

Plaintiff does not allege facts sufficient to demonstrate that Defendant is encompassed in the Act's definition of "debt collector." Indeed, Plaintiff simply provides a conclusory statement that "Defendant is a 'debt collector' as defined by the FDCPA, 15 U.S.C § 1692a(6)." ECF No. 1 ¶ 5. Conclusory statements are not enough to defeat motions to dismiss. *Twombly*, 550 U.S. at 555; *see also Kurtzman v. Nationstar Mortg. LLC*, 709 F. App'x 655, 658–59 (11th Cir. 2017) (requiring Plaintiff to "plausibly allege sufficient factual content to enable the Court to draw a reasonable inference that [Defendant] satisfies the FDCPA's definition of 'debt collector' and is thus subject to the Act.").

Moreover, the facts that Plaintiff does allege undercut any finding that Defendant is a "debt collector." Plaintiff asserts that the disputed $1,800 debt is owed to Defendant, indicating that Defendant is the original creditor for Plaintiff's debt. ECF No. 1 ¶ 6 ("Defendant furnished a trade line of $1,800, allegedly owed to CAPITAL ONE BANK."). Significantly, while Plaintiff disputes the amount owed, the date the debt was opened, and its payment history, the Plaintiff does not deny that she borrowed money directly from Defendant or, for example, allege that Defendant purchased the Plaintiff's debt from a different creditor. *See* ECF No. 1 ¶ 6–8. Even construing the Plaintiff's Complaint liberally, the facts indicate that Defendant is a "creditor" rather than a "debt collector." *See Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017) (If "the target of the lawsuit regularly seeks to collect debts for its *own* account [rather than] for another" it will not be deemed a debt collector under the FCDPA.) (emphasis

7

added). Therefore, because Plaintiff fails to establish that Defendant is a "debt collector," this FDCPA claim against Defendant is misplaced and must be dismissed.[1]

## VI.     CONCLUSION

Because Plaintiff does not allege any facts which, even if construed liberally, support an inference that Defendant is a "debt collector" under the FDCPA, the Complaint must be **DISMISSED** with prejudice.

BY THE COURT:

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, JUDGE**

---

[1] Though reporting a debt to a credit reporting agency may rise to the level of a communication in connection with the collection of a debt under the FDCPA, the communication must still be made by a "debt collector." S*ee Sullivan v. Equifax, Inc.*, No. 01-CV-4336, 2002 WL 799856 at *4 (E.D. Pa. Apr. 19, 2002). Therefore, even though the Court declines to adopt Defendants' assertion that "[a]bsent a communication from Capital One to Plaintiff to collect a debt, the FDCPA claim is legally deficient," the Court finds dismissal warranted because, as discussed, Plaintiff fails to allege that Defendant is encompassed by the Act's definition of "debt collector."